UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 16-20666

   Plaintiff,

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

TIMOTHY DECKER,

   Defendant.
_____/

**OPINION AND ORDER ACCEPTING DEFENDANT'S PLEA OF GUILTY ON JULY 24, 2017 TO VIOLATING TITLE 18 U.S.C. §2251(a) PRODUCTION OF CHILD PORNOGRAPHY**

At the July 24, 2017 plea hearing the Court took both the plea and the Rule 11 under advisement. Thereafter, on July 28, 2017, the Court requested post-plea briefing on (1) whether the plea colloquy established a sufficient factual basis under Title 18 U.S.C. §2251(a), and (2) whether Title 18 U.S.C. §2251(a) is constitutional as applied to the facts in this case.

The Court concludes that Defendant's plea established evidence sufficient to support his criminal conviction on Count One. Specifically, the Court finds that the plea colloquy established the interstate commerce nexus, and that the statute, as applied to the facts in this case does not violate the Constitution.

1

Defendant stated at his plea hearing that he "took [a] video of [naked unknowing] minor victim 1 and produced a [sic] child pornography in the Eastern District of Michigan." Plea Hearing July 24, 2017. Tr. P.32. Defendant utilized a video recording device located within his wrist watch that was made out of this country. Defendant further stated that the video "was uploaded to the computer." *Id*. P.34. Defendant stipulated that the wrist watch traveled in interstate commerce or foreign commerce. *Id*. at 35.

In *United States v. Napier*, 787 F.3d 333, 345 (6th Cir. 2015), the Sixth Circuit concluded that the interstate commerce nexus was established, *inter alia*, because "some of the videos were taken using a cell phone, labeled as made in Taiwan, which had traveled in interstate commerce." *Napier* also noted that "Courts have held that use of materials manufactured outside of the United States is sufficient to establish an interstate nexus. *United States v. Grzybowicz*, 747 F.3d 1296, 1306-07 (11th Cir. 2014)." *Napier* at 346.

In *United States v. Lively*, 852 F.3d 549, 555 (6th Cir. 2017), the San Disk memory card bore a trade inscription "Made in China," and the "parties stipulated that the hard drive 'was manufactured [in Thailand] and was shipped or transported in interstate commerce.'" *Id*. Although the Sixth Circuit had concerns with the government's reliance on the "made-in-Thailand" hard drive to satisfy 18 U.S.C.

§2251(a)'s interstate commerce requirement, the Court of Appeals ultimately concluded that it did satisfy that requirement. *Id*. At 558.

Further, United States District Judge Victoria Roberts noted in *United States v. Keller*, 2009 WL2475454 (E.D.MI 2009), in rejecting Defendant's reliance on *United States v. Corp.*, 236 F.3d 325, 326 (6th Cir. 2001):

> [T]he Sixth Circuit has emphasized that *Corp* was factually unique. Further, at least three Sixth Circuit cases hold that the production of pornography using equipment or materials produced in other states or countries sufficiently affects interstate commerce to pass Constitutional muster. *4.

This Court agrees.

Accordingly, the Court accepts Defendant's plea of guilt on Count One charging a violation of 18 U.S.C. §2251(a). The sentencing will proceed as scheduled on November 27, 2017 at 3:30pm.

SO ORDERED.

                                      s/Paul D. Borman
                                      Paul D. Borman
                                      United States District Judge

Dated: October 23, 2017

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2017.

                                          s/Deborah Tofil
                                          Case Manager