UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,      Crim No. 2:16-cr-20666
                                          District Judge Paul D. Borman
v.                                               Magistrate Judge Anthony P. Patti

TIMOTHY DECKER,

        Defendant/Petitioner.
_____/

## **INTERIM ORDER REGARDING DEFENDANT TIMOTHY DECKER'S MOTION FOR RETURN OF PROPERTY (DE 42)**

On January 18, 2018, Defendant Timothy Decker ("Defendant"), currently incarcerated at the Federal Bureau of Prisons FCI Milan in Michigan, *see* www.bop.gov, "Inmate Locator," (#55009-039). filed a Motion for Return of Property (DE 42) to which the Government responded, informing the Court as to what property of the defendant's is in the Government's possession and which items were not in the Government's possession (DE 46.) On July 8, 2019, Judge Borman referred the Motion to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (DE 47.)

In the Defendant's Motion for Return of Property, he requests the return of the following items: "Wow Cable Modem, Belkin Router, attaching cables for computers (miscellaneous), 2 first aid kits, 2 sets of road flares (3 per set), 1 Tom

Tom GPS, 1 set of keys (approximately 20 on ring), 5 garage door remote controls, and 1 computer formerly used for a photo booth." (DE 42.) The Government does not object to the return of the defendant's property that was seized by the FBI and the Warren Police Department and which does not contain contraband. (DE 46 at 2.) However, the Government asserts that a number of computers were seized from the defendant's residence but, "without the serial number or other identifier for the requested computer the FBI is unable to discern which piece of electronic media [Defendant] is requesting." (DE 46 at 2.) The Government further maintains that, "[a]fter conducting due diligence, the government submits that it does not have [certain] remaining items that [Defendant] claims were seized from his residence;" namely, (1) attaching cables for computers (miscellaneous), (2) 2 first aid kits, (3) 2 sets of road flares (3 per set), and (4) 1 Tom Tom GPS. (DE 46 at 3.)

In order to resolve Defendant's motion for return of property, the Court requires certain additional actions by the parties:

1. Defendant shall file a Notice with the Court: (a) providing a serial number for the "computer formerly used for a photo booth" he seeks, or other considerably more specific identifying information for that particular computer, <u>and</u> (b) provide any documentation in his possession that more specifically identifies all of the items seized by the FBI and the Warren Police Department. This Notice must be filed on or before **August 21, 2019**.

2. Two weeks after Defendant's Notice is filed, the Government shall file an *affidavit* addressing: (a) whether it is able to produce the "computer

formerly used for a photo booth," based on any additional identifying information supplied by Defendant in his Notice, <u>and</u> (b) supporting its contention that any requested items (specifically, (1) attaching cables for computers (miscellaneous), (2) 2 first aid kits, (3) 2 sets of road flares (3 per set), and (4) 1 Tom Tom GPS) are or are not in its possession, including whether the item(s) were seized, and, if so, how each item was disposed of. *See United States v. Wilson*, No. 1:07-cr-137, 2011 WL 2160289, *2 (N.D. Ohio May 31, 2011) (holding that the Government must supplement its response with evidence, such as affidavits or other documentary evidence, demonstrating that it was no longer in possession of Defendant's property).

**IT IS SO ORDERED**

Dated: July 19, 2019                     s/*Anthony P. Patti*
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE