UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff/Respondent,     Crim No. 2:16-cr-20666
                                              District Judge Paul D. Borman
v.                                        Magistrate Judge Anthony P. Patti

TIMOTHY KENNETH DECKER,

                Defendant/Petitioner.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
GRANTING IN PART AND DENYING IN PART DEFENDANT TIMOTHY
KENNETH DECKER'S MOTION FOR RETURN OF PROPERTY (ECF 42)**

## I.  RECOMMENDATION

For the reasons set forth below, it is recommended that Defendant/Petitioner

Timothy Kenneth Decker's January 18, 2018 motion for return of property under

Fed. R. Crim. P. 41(g) be **GRANTED IN PART** and **DENIED IN PART**.  (ECF

42.)

## II.  REPORT

### A. Factual summary

On October 4, 2016, Defendant/Petitioner Timothy Kenneth Decker

("Defendant") was indicted for production and possession of child pornography.

(ECF 16.)  The Indictment also sought, upon Defendant's conviction, forfeiture of

property related to the charges pursuant to 18 U.S.C. § 2253.  (*Id*. at 7-8.)  On July

24, 2017, Defendant pleaded guilty, pursuant to a plea agreement,[1] to charges of

production and possession of child pornography in violation of 18 U.S.C. §

2251(a) (ECFs 31 & 39), and on January 3, 2018, he was sentenced to 187 months'

imprisonment (ECF 40).  Defendant is presently incarcerated at the Federal Bureau

of Prisons FCI Milan in Milan, Michigan.  *See* www.bop.gov, "Inmate Locator,"

(#55009-039).

### B. Procedural history

On January 18, 2018, Defendant filed the present motion for return of

property "requesting the return of personal property taken during [his] home search

on September 19, 2016 *other than what was listed as forfeiture by the court*,"

including but not limited to the following items: "WOW Cable Modem, Belkin

Router, Attaching cables for computers (misceleaneous) [sic], 2 First Aid Kits, 3

sets of road flares (3 per set), 1 Tom Tom GPS, 1 set of keys (Approximately 20 on

ring), 5 Garage door remote controls, [and] 1 Computer formerly used for a Photo

Booth."  (ECF 42 (emphasis added).)  In response to the motion, the Government

stated that it has no objection to the return of property seized by the FBI or Warren

---

[1]The Plea Agreement states, "This agreement also does not prevent any civil or
administrative actions against defendant, or any forfeiture claim against any
property, by the United States or any other party."  (ECF 39 at 11.)

2

Police Department that does not contain contraband, and that it has in its

possession, and will return to Defendant, the WOW cable modem, Belkin router,

keys, and garage door remote controls.  (ECF 46.)  Further, the Government asked

for additional identifying information, including a serial number, for the computer

Defendant requested, and averred that it has none of the remaining items listed in

Defendant's motion.  (*Id*.)  On July 8, 2019, Judge Borman referred the motion to

me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF

47.)

To obtain additional information necessary to resolve the motion, the Court

entered an interim order on July 31, 2019, requiring that: (1) Defendant file both a

notice with the Court providing a serial number or more specific identifying

information for the computer requested in his motion, and "any documentation in

his possession that more specifically identifies all of the items seized by the FBI

and the Warren Police Department" and, (2) the Government file an *affidavit*

addressing whether it could produce the computer requested based on any further

information supplied by Defendant, and "supporting its contention that any

requested items . . . are or are not in its possession, including whether the item(s)

were seized, and, if so, how each item was disposed of."  (ECF 48 at 2-3.)

Defendant responded to the Court's interim order on August 16, 2019,

attaching documentation listing the items seized from Defendant as part of a

3

September 19, 2016 search warrant, providing further identifying information, but
not a serial number, for the computer requested in the motion, and asking for the
return of a number of items, many electronic, that were not originally requested in
his motion for return of property.  (ECF 49.)  Further, Defendant's response states,
"Road Flares, First Aid Kits, and Tom Tom GPS after due diligence were found
not to have been taken."  (*Id*.)  On August 30, 2019, the Government filed its
*affidavit* in accordance with the Court's interim order: (1) asserting that the road
flares, First Aid kit, Tom Tom GPS, and attaching cables are not listed in the
evidence log; (2) agreeing to release to Defendant's representative one set of keys
(with approximately 20 keys on the ring) and five garage door remote controls and;
(3) stating: "Upon information and belief, electronic items known to contain child
pornography were destroyed by the FBI and other electronics seized were subject
to administrative forfeiture.  Defendant received notice of administrative forfeiture
on February 7, 2017.  He did not file a claim for any of the property
administratively forfeited."  (ECF 50 at 2-3.)  The Government attached the
February 7, 2017 Notice of Seizure of Property and Initiation of Administrative
Forfeiture Proceedings under 18 U.S.C. § 983, the list of assets seized, and the
April 24, 2017 Declaration of Administrative Forfeiture of those assets, pursuant to
18 U.S.C. § 2254.  (ECF 50-A.)

## C. Analysis

### 1.     General legal principles

Rule 41(g) of the Federal Rules of Criminal Procedure states:

> A person aggrieved by an unlawful search and seizure of
> property or by the deprivation of property may move for
> the property's return. The motion must be filed in the
> district where the property was seized. The court must
> receive evidence on any factual issue necessary to decide
> the motion. If it grants the motion, the court must return
> the property to the movant, but may impose reasonable
> conditions to protect access to the property and its use in
> later proceedings.

Fed. R. Crim. P. 41(g).  The general rule followed by district courts is "that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated."  *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992)). "[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party."  *United States v. Popham*, 382 F.Supp.2d 942, 956 (E.D. Mich. 2005) (citing *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982)).  However, "the person seeking return of property must show that they are lawfully entitled to possess it."  *United States v. Headley*, 50 F. App'x. 266, 267 (6th Cir. 2002).  If the movant establishes interest in the property, the burden shifts to the government to demonstrate a legitimate interest in continuing to retain the movant's property.

*United States v. Omian*, No. 05-80338, 2006 WL 3240555, at *2 (E.D. Mich. Nov. 7, 2006).

Defendant pleaded guilty, however, to production and possession of child pornography in violation of 18 U.S.C. § 2251(a) (ECFs 31 & 39) and was, thus, subject to forfeiture of property seized in connection.  18 U.S.C. § 2253(a). Property subject to forfeiture pursuant to 18 U.S.C. § 2253 may be forfeited in a civil case according to the administrative forfeiture proceedings set forth in 18 U.S.C. § 983.  18 U.S.C. § 2254.  Under 18 U.S.C. § 983(a), the government must send notice of civil forfeiture proceedings to interested parties.  And "'[a]fter the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41[g], but must instead submit to the statutory procedures governing civil forfeiture proceedings.'"  *United States v. One Million Seven Hundred Thousand Dollars ($1,700,000.00) in U.S. Currency*, 545 F.Supp.2d 645, 653 (E.D. Mich. 2008) (quoting *United States v. One 1974 Learjet 24D, Serial Number 24D-290, Mexican*, 191 F.3d 668, 673 (6th Cir. 1999)).  "A motion to set aside a forfeiture under 18 U.S.C. § 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute . . . ."  *United States v. King*, 442 F. App'x 212, 213 (6th Cir. 2011).

   2.   **Property the Government has agreed to return/property for which Defendant has withdrawn his request**

6

In his response to the Court's interim order, Defendant acknowledges that the Government did not seize the road flares, First Aid kits, and Tom Tom GPS requested in his motion for return of property. (ECF 49.) Accordingly, the Court should deny Defendant's request for these items. The Government does, however, have in its possession the set of keys and five garage door remote controls listed in the motion, and does not object to their return, stating that a representative for Defendant may retrieve the items from the FBI office in Clinton Township, Michigan. (ECFs 46 & 50.) Further, in its initial March 14, 2018 response to Defendant's motion for return of property, the Government expressed that it had in its possession, and did not object to the return of, the WOW cable modem and Belkin router. (ECF 46 at 2.) These items are not mentioned further in the Government's *affidavit* in response to the Court's interim order, beyond a statement that Defendant requested the items in his motion. (ECF 50 at 1.)[2] Accordingly, per the Government's initial response, Defendant may have a representative call the Warren Police Department Property Office at 586-574-4860, provide the Property Office with compliance number 16-45623 and specify the items to be retrieved. (ECF 46 at 2.)

---

[2] As provided above, the Government did state generally that "[u]pon information and belief, electronic items known to contain child pornography were destroyed by the FBI and other electronics seized were subject to administrative forfeiture," but did not mention the modem or router specifically, and neither item is listed in the Declaration of Administrative Forfeiture. (ECF 50 at 3; ECF 50-A.)

### 3.    Additional property requested in Defendant's original motion

In his original motion, Defendant also requested the return of "Attaching cables for computers (misceleaneous) [sic]," and a "Computer formerly used for a Photo Booth."  (ECF 42.)  Even if the movant can establish a property interest, "courts will not grant a motion for the return of property if the government no longer possesses the property." *Arispe v. United States*, Nos. 03-10124, 00-20013, 2005 WL 3132211, at *5 (E.D. Mich. Nov. 21, 2005) (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)).  However, a motion for return of property is not "rendered moot because the government claims it no longer has control over the property, and the district court must make evidentiary findings to determine whether or not the government retains possession of the property and, if not, how the property was disposed of, rather than relying on the government's assertions."  3A FED. PRAC. & PROC. CRIM. § 690.  The government must provide further evidence that it is not in possession of the defendant's requested property. *See United States v. Wilson*, No. 1:07-cr-137, 2011 WL 2160289, at *2 (N.D. Ohio May 31, 2011) (holding that the government must supplement its response with evidence, such as affidavits or other documentary evidence, demonstrating that it is no longer in possession of the defendant's property).

In his response to the Court's interim order, Defendant makes no further mention of the attaching cables.  (ECF 49.)  And in its *affidavit* in response, the

Government states that the attaching cables are not listed in the evidence log from the September 19, 2016 search warrant Defendant attached to his response, and that "[u]pon information and belief, 'attaching cables for computers (miscellaneous)' were not seized by the government." (ECF 50 at 2.)[3]  Thus, the Court should find that the Government is not in possession of the attaching cables, and deny Defendant's request for the return of those items.

The Court should also deny Defendant's request for return of the "Computer formerly used for a Photo Booth." (ECF 42.)  Defendant does not provide a serial number for the computer in his response to the interim order, and states only that the computer had stickers affixed to it with a phone number to call if someone needed help regarding Kingdom Photo Booth. (ECF 49 at 1.)  The Government, in turn, states in its *affidavit* that Defendant failed to provide a serial number for the computer, and that "[u]pon information and belief, electronic items known to contain child pornography were destroyed by the FBI and other electronics seized were subject to administrative forfeiture." (ECF 50 at 2-3.)  Indeed, several computers are listed in the Declaration of Administrative Forfeiture. (ECF 50-A.)  Accordingly, the Government provided sufficient evidence for the Court to

---

[3] Indeed, the attaching cables are not included in the list of seized items that Defendant attached to his response to the Court's interim order (ECF 49), or in the list of items forfeited that the Government attached to its *affidavit* (ECF 50-A).

conclude that if it seized or possessed the laptop at all, it has now been forfeited or destroyed.  *Arispe*, 2005 WL 3132211, at *5; *Wilson*, 2011 WL 2160289, at *2.

> **4.     Additional property requested by Defendant in his response to the Court's interim order**

Finally, Defendant requests the return of a large number of items in his response to the Court's interim order not requested in his original motion, namely: "1 Ultra desktop Tower, 1 HP Laptop Computer, 1 Acer Laptop with Laptop Bag, 1 Samsung Galaxy Cell Phone, 1 Lg Cell Phone, 1 DV Photo MP4 Player, 1 Digital Video Camera, 1 8GB USB Thumb Drive, 1 USB Green Micro Storage Device, 10-DVD+R DVDs, 2 Photographs, 1 More 8GB USB Thumb Drive, 1 Verbatim USB Micro Storage Thumb Drive, 1 Lexar 8GB Thumb Drive, 1 Metaza Driver Compact Disc, 5 VHS Tapes, 1 Party Rentals & Suppliers Business Proof, 4 Copies Vehicle Registrations, 1 Cube Van Registration Plate Mi. DA21233, 4 Thumb Drives-1 EMTEC (1 Blue USB, 1 White RKPM, 1 Silver 8GB), 1 VHS Tape-Santa Clause, and 1 Desktop Make EZE."  (ECF 49 at 1-2.)  As these items are outside the bounds of Defendant's original motion request, the Court may decline to consider Defendant's request for their return.  Moreover, a majority of the items[4] were forfeited (ECF 50-A), and Defendant specifically excluded from

---

[4] The Government does not address in its *affidavit* the additional property requested by Defendant in his response that is not included in the Declaration of Administrative Forfeiture, but is listed in the evidence log attached to Defendant's response.  The Government, if in possession of these items, and if the items do not

his original motion for return of property those items seized but forfeited (ECF 42).[5] The appropriate recourse for return of those items would have been a motion to set aside the forfeiture, not a Rule 41(g) motion for return of property. *One Million Seven Hundred Thousand Dollars ($1,700,000.00) in U.S. Currency*, 545 F.Supp.2d at 653; *King*, 442 F. App'x at 213.

### D. Conclusion

For the reasons stated above, it is recommended the Court **GRANT IN PART** and **DENY IN PART** Defendant's motion for return of property. (ECF 42.) To the extent the motion is granted, the following items should be made available for retrieval by Defendant's designated representative: set of keys (with approximately 20 keys on ring), five garage door remote controls, WOW cable modem and Belkin router.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to

---

contain contraband, should cooperate with Defendant on their return to his possession. This would obviate any need for further motion practice and promote judicial economy.

[5] Again, in his motion for return of property, Defendant requested "the return of personal property taken during [his] home search on September 19, 2016 *other than what was listed as forfeiture by the court*." (ECF 42 (emphasis added).)

file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 28, 2019                    s/*Anthony P. Patti*
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

12