UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 16-20666
                                        (Related Civil Case no. 25-
v.                                     10145)
                                        Judith E. Levy
Timothy Decker,              United States District Judge

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [63] AND DENYING AS MOOT DEFENDANT'S MOTION FOR DISCOVERY AND PRODUCTION OF DOCUMENTS [74]**

Before the Court is *pro se* Defendant Timothy Decker's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 63.) Defendant also filed a motion for discovery and production of documents (ECF No. 74), which the Court held in abeyance. (ECF No. 77.)

For the reasons set forth below, Defendant's petition under 28 U.S.C. § 2255 (ECF No. 63) is denied, and his motion for discovery and production of documents (ECF No. 74) is denied as moot.

I. **Background**

On July 24, 2017, Defendant pled guilty to Count One of the Indictment, which charged him with production of child pornography in violation of 18 U.S.C. § 2251(a). (ECF No. 39.) Defendant was sentenced on January 3, 2018, to 187 months in custody and five years of supervised release. (ECF No. 40.) The Judgment was entered on January 8, 2018. (*Id.*)

Defendant filed a notice of appeal on January 18, 2018. (ECF No. 43.) Defendant filed a motion to voluntarily dismiss the appeal on February 6, 2018, and the Sixth Circuit granted his motion that same day. (ECF No. 45.)

On January 14, 2025, Defendant filed this petition under 28 U.S.C. § 2255. (ECF No. 63.) In his petition, Defendant raises the following arguments:

- Ground One: "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. ACTUAL INNOCENCE CLAIM" (*Id.* at PageID.574.)

- Ground Two: "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure" (*Id.*)

- Ground Three: "Denial of effective assistance of counsel." (*Id.*)

- Ground Four: "Evidence to convict 18 U.S.C. 2251(a) was not proven to influence 'INTERSTATE COMMERCE' as a proper reading of the charge requires." (*Id.* at PageID.575.)

The Government filed a response to Defendant's petition on March 28, 2025 (ECF No. 70), and Defendant filed a reply on June 12, 2025. (ECF No. 78.)

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, an inmate in federal custody who files a motion to vacate, set aside, or correct his sentence must demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir. 2015) (quoting 28 U.S.C. § 2255(a)).

"A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."

3

*Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)).

## III. Analysis

Defendant's petition is untimely. 28 U.S.C. § 2255(f) sets forth the period of limitations. It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Defendant's judgment was entered on January 8, 2018. (ECF No. 40.) Although he filed a timely notice of appeal on January 18, 2018, his appeal was voluntarily dismissed on February 6, 2018. (ECF Nos. 43,

4

45.) "When an appeal is voluntarily dismissed, the conviction is considered final, and the limitations period for filing a § 2255 motion begins to run." *Dean v. United States*, No. 1:17CR93, 2021 WL 1909705, at *1 (S.D. Ohio May 12, 2021). Therefore, Defendant's conviction became final on February 6, 2018, the date on which the Sixth Circuit granted his motion to voluntarily dismiss the appeal. Because the 1-year period of limitation begins to run from "the date on which the judgment of conviction becomes final," 8 U.S.C. § 2255(f)(1), Defendant had until February 6, 2019, to file this petition. As such, Defendant filed his § 2255 petition over 5 years and 11 months late. (ECF No. 63.)

Defendant appears to argue that the Court should find his petition timely pursuant to 28 U.S.C. § 2255(f)(4). He states that he "came to a full understand of the miscarriage of justice in his conviction to Title 18 U.S.C. § 2251(a)(e) and came to realize the full extent of the Sixth Amendment violation of his Due Process to effective trial counsel failing to challenge the sufficiency of his charge in initial trial proceedings when ACTION PARALEGAL PRO SE showed him" various caselaw. (ECF No. 78, PageID.689.) The caselaw Defendant "just recently discovered" is

5

*United States v. McCoy*, 55 F.4th 658 (8th Cir. 2022), and *United States v. Hillie,* 38 F.4th 235 (D.C. Cir. 2022). (ECF No. 78, PageID.703–704.)

Defendant's petition is not timely under 28 U.S.C. § 2255(f)(4). First, although Defendant characterizes these cases as "newly discovered evidence," (ECF No. 78, PageID.703), "§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). Even if Defendant discovered this law within the year preceding his habeas petition, it is not proper grounds for tolling pursuant to § 2255(f)(4).[1]

Defendant also appears to argue that the Court may still review his habeas petition because he claims "actual innocence." (ECF No. 78, PageID.699–700 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).)

"To establish actual innocence" due to an intervening change in the law, "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" and "that 'actual innocence' means factual innocence, not mere legal

---

[1] The Court also notes that *United States v. McCoy*, 55 F.4th 658 (8th Cir. 2022), the opinion that Defendant refers to as "new evidence," is no longer good law. It was vacated on March 10, 2023. *United States v. McCoy*, No. 21-3895, 2023 WL 2440852 (8th Cir. Mar. 10, 2023). The Eighth Circuit sitting *en banc* ruled on July 15, 2024, affirming McCoy's conviction and the judgment of the district court. *United States v. McCoy*, 108 F.4th 639 (8th Cir. 2024).

6

insufficiency." *Phillips*, 734 F.3d at 582 (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). "[A] petitioner arguing actual innocence" must "produce a Supreme Court or Sixth Circuit precedent that establishes that 'he now stands convicted of a crime that the law does not deem criminal.'" *Penney v. United States*, 870 F.3d 459, 463 (6th Cir. 2017) (quoting *Phillips*, 734 F.3d at 582–83). Here, Defendant cites *McCoy*, 55 F.4th 658 (8th Cir. 2022), and *Hillie*, 38 F.4th 235 (D.C. Cir. 2022), but neither case is precedent from the Supreme Court or Sixth Circuit such that they would be applicable here.[2] As such, Defendant's petition remains untimely.

With regard to Defendant's motion for discovery and production of documents that was held in abeyance (ECF Nos. 74, 77), the motion is denied as moot because Defendant's petition is denied.[3]

---

[2] Nor does Defendant present or refer to new factual evidence that was not known at the time of his guilty plea or judgment.

[3] Defendant appears to request that his court records be sealed as to the nature of his conviction. (ECF No. 78, PageID.710.) "In a federal district court, there is no distinction between sealing and expunging a criminal record." *Cline v. United States*, No. 2:93-CR-00094, 2009 WL 2475264, at *1 (S.D. Ohio Aug. 12, 2009) (citing *United States v. Coloian*, 480 F.3d 47, 48 n.3 (1st Cir. 2007)). Federal district courts have limited jurisdiction to expunge criminal records. For example, district courts do not have jurisdiction to consider "motions for expungement that are grounded on purely equitable considerations – *e.g.*, motions alleging that the movant has maintained good

7

## IV. Conclusion

Accordingly, Defendant's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 63) is DENIED. Defendant's motion for discovery and production of documents (ECF No. 74) is also DENIED AS MOOT.

IT IS SO ORDERED.

Dated: September 15, 2025      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                           United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2025.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager

---

conduct and that the record of arrest harms the movant's employment opportunities." *Id.* "But where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have jurisdiction to consider the motion." *Id.*

Here, Defendant does not provide any statutes that permit the Court to seal or expunge his criminal record, nor does he provide reasons as to why the Court has jurisdiction to do so. As such, the Court finds that it does not have jurisdiction to consider this request to seal.