# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

<table>
<tr><td></td><td>Plaintiff,</td><td>Case No. 16-20666</td></tr>
<tr><td>v.</td><td></td><td>Judith E. Levy<br>United States District Judge</td></tr>
<tr><td>Timothy Decker,</td><td></td><td></td></tr>
<tr><td></td><td>Defendant.</td><td>Mag. Judge Anthony P. Patti</td></tr>
</table>

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [80]

Before the Court is Defendant Timothy Decker's motion for reconsideration, styled as a "request[ ] this Court recall it[s] mandate." (ECF No. 80, PageID.720.) For the reasons set forth below, Defendant's motion is denied.

Defendant pled guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) on July 24, 2017, and was sentenced to 187 months in custody and five years of supervised release. (ECF Nos. 39, 40.) On January 14, 2025, Defendant filed a petition under 28 U.S.C. § 2255. (ECF No. 63.) The Court denied this petition on

September 15, 2025 because Defendant's petition was not timely and the Court found that equitable tolling did not apply nor was Defendant entitled to the "actual innocence" exception to a time-barred claim. *United States v. Decker*, No. 16-20666, 2025 WL 2647570, at \*2–3 (E.D. Mich. Sept. 15, 2025).

Defendant asks the Court to reconsider its opinion denying his § 2255 petition. Defendant seeks relief citing Federal Rule of Civil Procedure 59. (ECF No. 80, PageID.723.)[1]

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Here, Defendant argues that the Court must alter the judgment

---

[1] The Court notes that Defendant's motion for reconsideration cannot be considered a second or successive § 2255 motion because the motion for reconsideration "was filed before [Defendant] forfeited [his] appellate remedies and thus before the adjudication of [his] § 2255 motion was decisively complete." *Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014). At the time Defendant filed the motion for reconsideration, the time for Defendant to appeal the order denying his § 2255 petition had not yet expired.

due to a clear error of law and/or a need to prevent manifest injustice. (ECF No. 80, PageID.723.) Defendant argues that the Court erred in finding that his petition is untimely despite his claim of actual innocence.

As set forth in the Court's previous opinion, Defendant had until February 6, 2019 to file his § 2255 petition, and the Court found that Defendant was not entitled to equitable tolling under 18 U.S.C. § 2255(f)(4). *Decker*, 2025 WL 2647570, at *2. However, a credible demonstration of "actual innocence" can also toll the statute of limitations. *Hubbard v. Rewerts*, 98 F.4th 736, 742 (6th Cir. 2024).

A petitioner can demonstrate "actual innocence" in the equitable tolling context through "newly discovered facts establish[ing] his innocence," or "based upon a claim of legal innocence occasioned by an intervening change in law." *Phillips v. United States*, 734 F.3d 573, 580–81 (6th Cir. 2013). Here, Defendant does not present "newly discovered facts" nor "an intervening change in law" that would result in his innocence. *Id.*[2]

---

[2] There is no indication in Defendant's filings that he has newly discovered evidence.

In its previous decision, the Court found that Defendant failed to "produce a Supreme Court or Sixth Circuit precedent that establishes that 'he <u>now</u> stands convicted of a crime that the law does not deem criminal.'" *Decker*, 2025 WL 2647570, at \*3 (quoting *Penney v. United States*, 870 F.3d 459, 463 (6th Cir. 2017) (emphasis added)). This conclusion is unchanged. Defendant argues that the Court erred because he "did in fact show this Court his actual innocence was supported by both Supreme Court precedent and Sixth Circuit precedent." (ECF No. 80, PageID.727.) According to Defendant, he provided "the Court with BINDING Supreme Court precedent of <u>Williams</u> Supreme Court holding" and "the Sixth Circuit[']s outcome in <u>United States v. Mr. A. Mrs. A</u>, Crim. No. 90-80754 (6th Cir. 14, 1991)." (*Id.* at PageID.724, 727–728; *see also* ECF No. 63, PageID.603 (referring to "<u>United States v. Mr. A, Mrs. A,</u> Crim. No. 90-80754 (6th Cir. Feb. 14, 1991) LEXIS 1941").)

Regarding "Williams," Defendant appears to be referencing *United States v. Williams*, 553 U.S. 285 (2008). Regarding "<u>United States v. Mr. A. Mrs. A</u>," the Court is unable to find a Sixth Circuit case with that name. It appears that Defendant is quoting and referencing an opinion issued by the United States District Court for the Eastern District of

Michigan, *United States v. Mr. A.*, 756 F. Supp. 326 (E.D. Mich. 1991), which was entered on February 14, 1991.[3] There is no appellate history for that case.

It is true that the Court did not address these cases in its previous order. However, neither case justifies the relief Defendant seeks. Both opinions precede Defendant's prosecution and sentencing; as such, neither constitute "new interpretation of statutory law [ ] which was issued after the petitioner had a meaningful time to incorporate the new interpretations into his direct appeal or subsequent motions." *Phillips*, 734 F.3d at 582. Additionally, *Mr. A.* was issued by a district court. Thus, it is not precedent from the Supreme Court or Sixth Circuit. *Penney*, 870 F.3d at 463.

Even ignoring these deficiencies, the Court is not convinced that Defendant has displayed "actual innocence." Defendant used a camera on a wristwatch to intentionally record a video of the minor victim (who was unaware of the recording) changing in a locker room. (ECF No. 39, PageID.313; ECF No. 31, PageID.194–196; *see also* ECF No. 63,

---

[3] Defendant attached a copy of *Mr. A.* to his § 2255 petition. (ECF No. 63, PageID.588.)

PageID.571 ("Petitioner used a watch camera to photograph minors in a state of undress").) Defendant argues that this recording, as a matter of law, cannot fall within 18 U.S.C. § 2251(a)'s definition of "sexually explicit conduct" because "18 U.S.C. § 2251(a) production of child pornography only applies to 'hard core' 'sexually explicit conduct.'" (ECF No. 63, PageID.600; *see also* ECF No. 80, PageID.724.)

The definition of "sexually explicit conduct" under 18 U.S.C. § 2251(a) includes "lascivious exhibition of the anus, genitals, or pubic area." *United States v. Jakits*, 129 F.4th 314, 322 (6th Cir. 2025) (quoting 18 U.S.C. § 2256(2)(A)), *cert. denied*, 145 S. Ct. 2851 (2025).[4] A "rational juror" could find that Defendant's recording produced a depiction of sexually explicit conduct that falls within the definition of "lascivious exhibition." *Id.* at 323; *see also Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012) (stating that a demonstration of actual innocence based upon a new interpretation of statutory law must show that the new interpretation "applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him"). Although

---

[4] The definition was the same at the time of Defendant's plea and sentencing.

Defendant argues that the content must be "hard core," (ECF No. 63, PageID.600), or contain an "actual depiction of the sex act," (ECF No. 80, PageID.724), that is not an accurate description of the law. *See Jakits*, 129 F.4th at 324–25 (stating that sexual intercourse or simulating a sexual act is not necessary for a piece of content to fall under the "lascivious exhibition" definition).

Defendant also avers that his filings are pro se and the Court must hear his claims "under the lower standard of filing." (ECF No. 80, PageID.726.) Pro se pleadings are entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, Defendant must also provide justification for the Court to overlook the untimeliness of his habeas petition, and, here, Defendant's efforts have not been successful.

Finally, Defendant's argument regarding his ineffective assistance of counsel claim is denied because Defendant has not satisfactorily addressed the untimeliness of his § 2255 petition. *See Phillips*, 734 F.3d at 585. Further, to the extent Defendant claims that the statute of limitations is tolled for actual innocence due to ineffective assistance of

counsel, (ECF No. 80, PageID.726), that argument is denied. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Defendant has not demonstrated factual innocence.

For the reasons set forth above, Defendant's motion for reconsideration is DENIED. (ECF No. 80.)

IT IS SO ORDERED.

Dated: May 5, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager